IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| PATRICIA MARIE HOLCOMB, | CV 24–112–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| HOMELAND SECURITY, et al., | |
| Defendants. | |

On July 25, 2024, Plaintiff Patricia Marie Holcomb filed a civil rights complaint, alleging her constitutional rights were violated during a traffic stop that occurred near St. Regis, Montana in November 2023. (*See* Doc. 2.) On November 26, 2024, the Clerk was directed to serve the defendants for which Holcomb had provided sufficient information to effectuate service. (*See* Doc. 10.) Since then, three motions to dismiss have been filed. (*See* Docs. 13, 17, 19). On March 6, 2025, Holcomb was given additional time to respond to those motions. (*See* Doc. 22.) To date, Holcomb has not responded. Moreover, Holcomb has not filed anything in the case since November 2024. (*See* Doc. 9.)

1

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action "[i]f the plaintiff fails to prosecute" the action or fails to comply with the Federal Rules or orders of the court. *See Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019). While the various defendants in this case have moved to dismiss under Rule 12, (*see* Docs. 13, 17, 19), a district court "may dismiss under Rule 41(b) sua sponte," *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In determining whether dismissal under Rule 41(b) is appropriate, courts must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters*, 913 F.3d at 890. While "the public's interest in expeditious resolution of litigation always favors dismissal," that factor may be outweighed by a strong showing of the other factors. *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999).

Here, Holcomb filed this action in July 2024, (*see* Doc. 2), but has not filed anything with the Court since November 2024, (*see* Doc. 9), despite the defendants' filing of three dispositive motions, (*see* Docs. 13, 17, 19), and this Court's explicit command to respond to those motions, (*see* Doc. 22). Holcomb's failure to pursue her case therefore impedes both the expedient resolution of this

case and this Court's ability to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). Holcomb's case has consumed judicial resources and time that could have been better spent on other matters. These factors, therefore, favor dismissal. The third factor requires courts to weigh the risk of prejudice to the defendants. A rebuttable presumption of prejudice arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted, although given the absence of actual prejudice, this factor does not weigh strongly against Holcomb in the present case.

Finally, the Court has considered less drastic alternatives. Despite Holcomb's failure to timely respond to any of the three dispositive motions in the case, she was given an additional opportunity to respond. (*See* Doc. 22.) That Order explicitly warned Holcomb that the failure to respond may result in dismissal under Rule 41(b). (*See id.*) Holcomb was also repeatedly admonished that she must provide the Court with any change of address or her action may be dismissed. (*See, e.g.*, Doc. 3 at 2; Doc. 8 at 4; Doc. 10 at 3.) Because no such notice has been filed, it can be presumed that Holcomb has received the filings in

the case.[1] Ultimately, Holcomb was given adequate and timely warning that her action was subject to dismissal if she failed to comply with this Court's orders. At this juncture, the Court can envision no further alternatives to dismissal.

Because four of the five factors weigh in favor of dismissal, this matter is dismissed based upon Holcomb's failure to prosecute and failure to comply with a court order. *See* Fed. F. Civ. P. 41(b).

Accordingly, IT IS ORDERED that:

1. This matter is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2.   All pending motions are DENIED as moot and all pending deadlines are VACATED.

3. The Clerk of Court is directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

4. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure

---

[1] A review of the docket in Holcomb's current federal criminal case, *see United States v. Holcomb*, 9:24-cr-62-DLC, indicates that she was released on pretrial supervision on November 18, 2024, and revoked on March 19, 2025. Accordingly, Holcomb was not federal custody during the relevant timeframe so as to prevent her from litigating this action. Nor has the Court received notice from Holcomb in the present case that her contact information changed as of March 2025.

that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit.

DATED this 28th day of March, 2025.

                                       /s/ Donald W. Molloy
                                       Donald W. Molloy, District Judge
                                       United States District Court